IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ISRAEL RODRIGUEZ,**

    **Petitioner,**

vs.                                                                                  Civ. No. 03-512 MCA/LCS

**JOHN ASHCROFT, Attorney General, et al.,**

    **Respondents.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court upon Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 1)*, Petitioner's Motion to Review Petitioner's Deportation Order Under 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 2)*, and upon Respondent's Response in Opposition to and Motion to Dismiss Petitioner's Petitioner for Writ of Habeas Corpus filed June 2, 2003 *(Doc. 7)*.  Having considered the Application, Petitioner's Motion to Review Petitioner's Deportation, Respondent's Response and Motion to Dismiss and the applicable law, and being otherwise fully informed, I find that as Petitioner has failed to exhaust his administrative remedies, Respondent's Motion to Dismiss is well-taken and should be granted; I further find that Petitioner's Motion is not well-taken and should be DENIED; and that Petitioner's Application should be DISMISSED WITHOUT PREJUDICE.

### I.  BACKGROUND

1.      Petitioner is presently proceeding *pro se* and *in forma pauperis*. *(Doc. 5)*.  He is

presently incarcerated pursuant to a judgment of conviction entered in the United States District Court for the District of Northern California entered on June 30, 2000. Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 1)* ("App.") at 2. Plaintiff pled guilty and was sentenced to a term of 70 months for conspiracy to possess with intent to distribute cocaine, under 21 U.S.C. § 846.841. *Id*. at 2. Petitioner did not appeal from his judgment of conviction. *Id*. at 3.

2. Upon his conviction, the Immigration and Naturalization service ("INS") instituted removal proceedings against Petitioner. Resp. and Mot. to Dismiss (hereinafter "Response") at 2 and Ex. 4. On July 25, 2002 the Immigration Judge ("IJ") ordered petitioner removed as an aggravated felon. Response at 2 and Ex. 5.

3. Petitioner alleges that he "tried but failed to seek relief from deportation at his INS hearing, the IJ denied his claim to 212(c) relief." App. at 6. Petitioner claims that he filed a motion with the Board of Immigration Appeals ("BIA") which also denied him relief from deportation. *Id*. Petitioner appealed to the BIA on July 31, 2002. Response at 2 and Ex. 3. The BIA has not yet issued a decision on Petitioner's appeal. Response at 2.

4. Petitioner claims that (1) the IJ and the BIA erred in not advising him that he may have been entitled to relief under section 212(c) of the Immigration and Nationality Act ("INA") and in failing to construe his motion based on alleged ineffective assistance of counsel as a motion to re-open, rather than as a motion to reconsider; and (2) that INA § 237 (a)(2)(A)(iii) violates his due process and right to be free from double jeopardy and from ex post facto laws.

## II.    ANALYSIS

5.    A federal court is under a continuing duty to determining its jurisdiction over any matter.  The Court therefore, *sua sponte*, has evaluated whether this action is properly brought under § 2241 in the District of New Mexico federal court.  Section 2241 petitions must be brought in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F. 3d 164, 166 (10th Cir. 1996).  Petitioner appears to have met this initial requirement.

6.    In his Motion to Review Petitioner's Deportation Order under 28 U.S.C. § 2241, Petitioner apparently seeks to resurrect and challenge the substance of the July 25, 2002 decision that he is deportable. Petitioner has specifically asked this Court to intervene, to consider the actions of the IJ in failing to advise him of "212(c) relief at his deportation hearing,"  to consider the application of INA § 237 (a)(2)(A)(iii) in this matter, and to remand his case "back to the IJ for further proceedings and adjudication of this case."  Petitioner's § 2241 Application and Motion, therefore, should be construed as one for judicial review of an order of deportation. However, judicial review of orders of removal is lodged with the federal courts of appeal, not the federal district courts. See 8 U.S.C. § 1252( a)( 1); *see also*, *Immigration and Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 311 (2001) ("[ j] udicial review of a final order of removal . . . is governed only by the Hobbs Acts procedures for review of agency orders in the courts of appeals.") (quoting 8 U. S. C. § 1252( a)( 1)).   While judicial review of orders of removal are generally lodged with the federal courts of appeals, the district court may consider questions of law raised in the habeas context. *St. Cyr*, 533 U.S. at 370.   Like the petitioner in *St. Cyr*, the Petitioner in this matter does not appear to dispute any of the facts that establish his deportability or the conclusion that he is deportable.  *See St. Cyr*, 533 U.S. at 298. Petitioner

rather raises questions of law related to the application of 8 U.S.C. § 1252(a)(2)(A)(iii) and the denial of §212(c) relief in the deportation proceedings. As such, it appears that this matter is properly raised before the United States District Court in a habeas proceeding under 28 U.S.C. § 2241, and is not the type of proceeding over which the federal courts of appeals have jurisdiction.

**A.     Whether Plaintiff's claims are precluded by failure to exhaust administrative remedies**.

7.     Title 8 U.S.C. Sec. 1252 (d)(1)-(d)(2) provides that a court "may review a final order of removal only if (1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of the order." 8 U.S.C. § 1252(d)(1)-(d)(2).     The Tenth Circuit has noted that "failure to raise an issue on appeal to the Board [of Immigration Appeals] constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999)(citing *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991)). Courts have carved out an exception to the exhaustion requirement for constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims. *Akinwunmi*, 194 F.3d at 1341 (citing *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994)). However, "the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." *Akinwunmi*, 194 F.3d at 1341 (quoting *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)).

8.     Various courts have noted that the requirement of exhaustion is both mandatory and jurisdictional. *See, e.g., Beharry v. Ashcroft*, 329 F.3d 51, __, 2003 U.S. App. LEXIS 8279

4

*14 (2nd Cir. May 30, 2003); *Duvall v. Elwood,* __ F.3d __, 2003 U.S. App. LEXIS 13939 *10 (3rd Cir. July 11, 2003)("§ 1252(d)(1) also requires exhaustion as a prerequisite for federal jurisdiction."); *Nehme v. INS,* 252 F.3d 415, 420 (5th Cir. 2001)("when exhaustion is statutorily mandated, it is a jurisdictional requirement").[1] Exhaustion of administrative remedies is necessary to preserve issues for judicial review. *Cervantes-Ascencio v. INS*, 326 F.3d 83, 87 (2nd. Cir. 2003).

9. Moreover, the Supreme Court held in *Booth v. Churner*, 532 U.S. 731, 734-35 (2001), that courts may not read a futility exception into the statutory exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In *Booth,* the Supreme Court found that because Congress had expressly included an administrative exhaustion requirement in the statute, the petitioner was required to exhaust administrative processes even though the only remedy he sought was not available through the administrative grievance system. *Id*. at 734-35, 741.

10. Exhaustion may not be necessary where the alleged constitutional due process violation deprives the petitioner of judicial review. *See United States v. Aguirre-Tello*, 324 F.3d 1181, 1196-97 (10th Cir. 2003)(exhaustion not necessary where alleged due process violation deprived Petitioner of right of appeal). Petitioner in this matter has not been deprived of judicial review; in fact, his appeal to the BIA is currently pending.

11. The record indicates that Petitioner has failed to exhaust available administrative remedies with respect to his claims. Petition at 3-5. The court may not consider the merits of Petitioner's claims, because the failure to exhaust has divested the court of jurisdiction to consider

---

[1] The Eighth Circuit and the First Circuit have not yet decided whether exhaustion of administrative remedies as required by 8 U.S.C. § 1252(d)(1) is a jurisdictional requirement. *See Halabi v. Aschroft*, 316 F.3d 807, 808 (8th Cir. 2003); *Verissimo v. INS*, 2003 U.S. App. LEXIS 12973 *2 (1st. Cir. June 26, 2003)(unpublished decision).

Petitioner's non-constitutional claims. *Duvall,* __ F.3d at __, 2003 U.S. App. LEXIS 13939 at *16-17. The court may thus not consider Petitioner's Motion to Review Petitioner's Deportation Order Under 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 2)*.

12. In addition, Petitioner claims that his constitutional rights to due process were violated by the imposition of double jeopardy or an ex post facto law. However, Petitioner's constitutional claims involve the application of Section 237(a)(2)(iii) of the Immigration and Nationality Act of 1996, codified as 8 U.S.C. § 1227(a)(2)(A)(iii). Pet. Mot. at 5. Petitioner has raised these same issues of statutory application in his pending BIA appeal. *See* Resp. Mot. Ex. 3. Petitioner's claims, although couched in constitutional terms, in substance deal with the July 25, 2002 decision finding him deportable. The BIA does indeed have "the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." *Akinwunmi*, 194 F.3d at 1341 (quoting *Liu*, 55 F.3d at 426). As such, the exception to exhaustion sometimes applied to constitutional claims is not appropriate and should not apply to Petitioner's claims. *See Akinwunmi*, 194 F.3d at 1341.

13. Petitioner indicates that his pending Motion filed before the BIA was based on an ineffective assistance of counsel claim. Pet. Mot. at 2. As the Tenth Circuit has noted, "because the BIA provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it." *Akinwunmi*, 194 F.3d at 1341 (citing *Dulane v. INS*, 46 F.3d 988, 996 (10th Cir. 1995)). In addition, Petitioner has failed to exhaust his administrative remedies. Petitioner's failure to exhaust any ineffective assistance claim, insofar as one may have been made, deprives this Court of jurisdiction to review it. *Id*.

**C.    Whether the IJ and the BIA erred in not advising Petitioner that he may have been entitled to relief under § 212(c) and in failing to construe his motion based on alleged ineffective assistance of counsel as a motion to re-open, rather than as a motion to reconsider**

14. Petitioner further alleges that the IJ and the BIA erred in not advising him that he may have been entitled to discretionary relief under §212(c) of the Immigration and Nationalities

6

Act and in failing to construe his Motion based on alleged ineffective assistance of counsel as a motion to re-open, rather than as a motion to reconsider.  Each of these issues has been raised in Petitioner's pending appeal before the BIA.  In addition, an alien has no constitutionally protected right to discretionary relief, or to be eligible for discretionary relief. *Mohammed v. Ashcroft*, 261 F. 3d 1244,1250 (11th Cir. 2001).  Before the 1996 legislation went into effect, the Attorney General had discretion to waive deportation in certain cases under §212( c) of the Immigration and Nationality Act. *St. Cyr*, 533 U. S. at 358-59. In *St. Cyr*, the Supreme Court held that the 1996 amendments did not apply retroactively to a petitioner who had pleaded guilty before the effective date of April 1, 1997. *St. Cyr*, 533 U. S. at 378. However, §212 (c) relief is not available to an alien who pleaded guilty after the effective date of the 1996 amendments. *See St.* Cyr, 533 U.S. at 378 ("We therefore hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."), *Carranza v. INS*, 277 F. 3d 65, 72 (1st Cir. 2002); *Oguejiofor v. Attorney General of U. S.*, 277 F.3d 1305, 1309-1310 (11th Cir. 2002). Petitioner pleaded guilty August 7, 2000, well after the effective date of the 1996 amendments, and was ineligible for §212( c) relief at the time of his plea as a matter of law. Furthermore, review of such a discretionary action is beyond the scope of federal habeas review. *Sol v. INS*, 274 F. 3d at 651. Petitioner specifically seeks review of the INS decision finding Petitioner removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(iii), section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act. This statute vests "the courts of appeals with the authority to consider petitions challenging 'final orders' commanding the 'removal' of aliens from the United States.  However, [this] statute expressly precludes the courts of appeals from exercising 'jurisdiction to review any final order of removal against any alien who is removable by reason of' a conviction for certain criminal offenses, including any aggravated felony." *Calcano-Martinez v. INS*, 533 U.S. 348, 349-350 (2001)(internal citations omitted). In any case, this issue has not been fully exhausted, and is not

properly before the Court.

## RECOMMENDED DISPOSITION

I recommend that, Respondent's Response in Opposition to and Motion to Dismiss Petitioner's Petitioner for Writ of Habeas Corpus filed June 2, 2003 *(Doc. 7)* be GRANTED, that Petitioner's Motion to Review Petitioner's Deportation Order Under 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 2)* be DENIED, and that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed May 1, 2003 *(Doc. 1)* be DISMISSED WITHOUT PREJUDICE. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**